

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

RAB:PT
F.#2010R02357

*271 Cadman Plaza East
Brooklyn, New York 11201*

November 3, 2011

**By Hand and ECF**

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Abdul Shahid
            Criminal Docket No. 11-0079 (BMC)

Dear Judge Cogan:

       The government respectfully submits this letter in connection with the above-captioned defendant's sentencing, which is scheduled for November 10, 2011.

       On July 12, 2011, the defendant was convicted after a jury trial of two counts of lying to federal agents in violation of 18 U.S.C. § 1001. As demonstrated by the evidence admitted at trial, these lies were in furtherance of the defendant's efforts to avoid being caught and prosecuted for bribing a United States Citizenship and Immigration Services ("CIS") official to approve green card applications. The defendant testified on his own behalf at trial, and as correctly noted in the defendant's Presentence Investigation Report ("PSR"), the defendant obstructed justice by lying on the witness stand. PSR ¶¶ 14, 21. As also correctly noted in the PSR, the crimes of conviction subject the defendant to a total offense level of 8, he is in criminal history category of I, and the resulting advisory guidelines range is 0-6 months. PSR ¶¶ 22, 33, 56.

       At the same trial, the defendant was acquitted of bribing a federal official in violation of 18 U.S.C. § 201. The government submits, however, that the evidence set forth at trial proved by a preponderance of the evidence that the defendant did in fact bribe a federal official. The government proved that the defendant committed this offense through the testimony of Sonny Bince, the CIS official whom the defendant bribed. Bince identified the defendant and testified that he received cash bribes from him on multiple occasions, in amounts totaling

2

$10,000. Bince testified pursuant to a cooperation agreement after pleading guilty to accepting from the defendant the very bribes the defendant was charged with paying in the above-captioned trial. Thus, Bince testified about the very crime that he pleaded guilty to, a crime that inherently required another participant besides himself.

The defendant's guilt of the bribery charge was further proven by the lies he told when he was interviewed by agents before his arrest, including lies that the jury convicted him of telling in Counts Two and Three. In particular, the defendant lied to the agents by denying that he knew Sonny Bince, or had ever spoken on the telephone with Sonny Bince. The former lie was contradicted by disinterested witness Hardeep Kaur, and the latter lie was proved by records showing frequent contacts between the defendant's cellular telephone and Bince's cellular telephone. There was no reason for the defendant, who had been warned that it was a crime to federal agents, to lie about those contacts unless he had in fact bribed Bince and feared that he would be caught and prosecuted for doing so.

Because the government proved by a preponderance of the evidence that the defendant paid $10,000 in bribes to Sonny Bince, the government urges the Court to sentence the defendant to a term of incarceration within the advisory guidelines range he would have been assigned had the jury convicted him of Count One. The government calculates that advisory guidelines range as follows:

```
Base Offense Level (§ 2C1.1(a)(2))              12
Plus: More than One Bribe (§ 2C1.1(b)(1))       +2
Plus: Over $5,000 in Bribes Paid (§ 2C1.1(b)(2)) +2
Plus: Obstruction of Justice (§ 3C1.1)          +2
Total:                                          18
```

With a criminal history of I and a total offense level of 18, the defendant's advisory guidelines range would be 27-33 months.

3

  For the foregoing reasons, the government respectfully requests that the Court sentence the defendant to concurrent terms of incarceration within a range of 27-33 months.

          Respectfully submitted,

          LORETTA E. LYNCH
          United States Attorney

      By:   /s/
         Paul A. Tuchmann
         Assistant United States Attorney
         (718) 254-6294

cc: Michael Padden, Esq. (By ECF)